IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEVI WOODERTS Jr.,               §
(BOP No. 29639-077)              §
VS.                              §    CIVIL ACTION NO.4:10-CV-423-Y
                                 §
                                 §
UNITED STATES OF AMERICA, et al.§

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and plaintiff Levi Wooderts Jr.'s case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Wooderts, an inmate at the Bureau of Prisons' FCI--Fort Worth facility, filed a civil complaint seeking damages against the United States of America, the Department of Justice; the Federal Bureau of Prisons, the South Central Regional Office of the Bureau of Prisons, and individual defendant Dr. Capps.(Compl., Style.) In compliance with a Court order, Wooderts filed a more definite statement of his claims. In the complaint and more definite statement, Wooderts alleges claims arising from his transfer from FCI--Seagoville to FCI--Fort Worth. (Compl. At 2; More Definite Statement ("MDS") at ¶ 4.) He names Dr. Capps under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*[1] for violation of his rights under the Fifth and Eighth Amendments to the Constitution, and he alleges claims under the Federal Tort Claims Act ("FTCA").(Compl. at 5; MDS at ¶¶

---

[1] 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans* v. *Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials*"), overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

1-8.) Wooderts seeks $100,000 in damages for violation of his constitutional rights, hardship on his family, and the emotional stress he alleges he sustained due to the fact "that upon arrival at FCI--Fort Worth, I was forced to sleep out in the hallway for two months." (Compl. at 19; MDS at ¶ 11.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and more definite statement

---

[2]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3]*See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

under these standards, the Court concludes that Wooderts's claims must be dismissed.

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[7]  Wooderts alleges violations of his rights under the Eighth and Fifth Amendments to the Constitution.  Although long recognized as applying to claims under the Eighth Amendment,[8] the United States Court of Appeals for the Fifth Circuit held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[9]

More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions,*" and noting that "[r]egardless of

---

[7] 42 U.S.C.A. § 1997e(e)(West 2003).

[8] *See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999).

[9] *Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

[Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered."[10] Applying these holdings to the instant case, no matter the substantive constitutional violations asserted by Wooderts against Dr. Capps, a failure to allege physical injury bars his *Bivens* claims for compensatory damages.[11]

Section 1997e(e) also applies to Wooderts's claims for monetary damages under the FTCA. The Fifth Circuit held that an inmate's FTCA monetary damage claims, lacking allegation of a physical injury, were barred by § 1997e(e).[12] Another court has expressly rejected an inmate's argument that § 1997e(e) does not apply to claims filed under the FTCA, explaining "the plain language of the statute makes no distinction between different types of civil actions filed by inmates."[13]

The FTCA waives the United States's sovereign immunity from tort suits.[14] Because the FTCA provides such a waiver, the limitations and conditions upon which the government consents to be

---

[10]*Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007)(emphasis in original).

[11]Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins,* 512 F.3d at 198) or for injunctive or declaratory relief (*Harper,* 174 F.3d at 719). Wooderts, however, does not seek any other forms of relief.

[12]*Stephens v. Yusuff,* 95 Fed. Appx. 78, 2004 WL 838724,at *1 (5th Cir. 2004).

[13]*Taylor v. United States,* 2006 WL 2350165, at *3 (W.D. Va. 2006)(citing *Stephens,* 2004 WL 838724, at *1 (5th Cir. 2004).

[14]*McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998)(citing 28 U.S.C.A § 2674).

4

sued must be construed strictly in favor of the United States.[15] One of those conditions is that the FTCA prohibits an inmate from filing suit against the United States for emotional injury absent a showing of physical injury:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.[16]

In response to the Court's question in the Order for More Definite Statement concerning upon what basis he sought $100,000 in monetary damages, Wooderts's answered: "This is based upon the violation of my constitutional rights and hardship on my family. Additionally, it is based upon emotional stress due to the fact that upon arrival at FCI--Fort Worth, I was forced to sleep out in the hallway for two (2) months." (MDS ¶ 11.) Also, in answer to the Court's specific question regarding whether Wooderts alleged any physical injury as a result of the allegations of the complaint, he answered: "I have suffered emotional distress and continue to do so. I complained to Nurse Friday at FCI--Fort Worth, whom got me moved into a room from the hallway." (MDS ¶ 12.) Wooderts has thus not stated any physical injury as a result of the alleged actions in this complaint. Wooderts's right to recovery of monetary compensatory damages for emotional distress is barred under 42

---

[15]*Atorie Air, Inc., v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991)(citing *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981)).

[16]28 U.S.C.A. § 1346(b)(2)(West 2006).

U.S.C. § 1997e(e) and under the FTCA, 28 U.S.C. § 1346(b)(2), and as he seeks only monetary damages in his complaint and more definite statement, all claims must be dismissed.

Therefore, all of Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED September 26, 2011.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE